**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ELAINE M. WOODS,<br>  Appellant, | DOCKET NUMBER<br>CH-0752-15-0535-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>  SECURITY,<br>  Agency. | DATE: February 17, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elaine M. Woods, Overland Park, Kansas, pro se.

Daniel Piccaluga, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction based on the appellant's expressed intent to withdraw her appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2 On June 25, 2015, the appellant filed a Board appeal in which she asserted that she was appealing her alleged indefinite suspension, the cancellation of her enrollment for two training courses, and her denial of a promotion from "Trainee Status" to "Qualified Status." Initial Appeal File (IAF), Tab 1 at 4-5. The appellant also asserted that the agency's actions constituted harmful error and were taken in reprisal for her prior equal employment opportunity (EEO) activity and protected whistleblowing activity. *Id.* at 17-19. The administrative judge issued a jurisdictional order informing the appellant of her burden of establishing that her appeal was within the Board's jurisdiction. IAF, Tab 7 at 1. The order also informed the appellant of the Board's jurisdiction over appeals of adverse actions, including indefinite suspensions, and ordered her to provide evidence and argument, such as a letter or notice from the agency demonstrating that she had been indefinitely suspended. *Id.* at 1-2.

¶3 In response, the agency filed a motion to dismiss asserting that the Board lacks jurisdiction because, among other things, the appellant had not been subjected to an adverse action under 5 U.S.C. § 7512. IAF, Tab 10 at 6-7.

Consequently, the administrative judge issued a show cause order directing the appellant to respond to the agency's jurisdictional arguments. IAF, Tab 13 at 2. In her response, the appellant indicated that she was withdrawing her appeal and would pursue her claims before the Equal Employment Opportunity Commission. IAF, Tab 20 at 6-7. The appellant's withdrawal was signed, dated, and notarized. *Id.* at 7. Based on the appellant's withdrawal of her appeal, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID).

¶4    The appellant has filed a petition for review in which she asserts that she is reversing her decision to withdraw her appeal, which she made under stress and as a result of the agency's arguments that the Board lacks jurisdiction over her appeal. Petition for Review (PFR) File, Tab 1 at 3-5. The agency has opposed the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    An appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Drummond v. Department of Defense*, 91 M.S.P.R. 231, ¶ 4 (2002). The Board will not reinstate an appeal withdrawn by an appellant absent unusual circumstances, such as if the appellant received misinformation, was under mental distress, or presents new and material evidence. *Id.*; *Auyong v. Department of the Navy*, 97 M.S.P.R. 267, ¶ 4 (2004).

¶6    Here, we discern no basis upon which to reinstate the appeal. While the appellant claims that she was under stress, she fails to show that she was unable to understand fully the effect of her withdrawal. *See Auyong*, 97 M.S.P.R. 267, ¶ 7 (finding that the appellant's medical evidence showing that she suffered from a mental illness did not warrant reinstatement of her withdrawn appeal because she did not show that, as a result of this illness, she was unable to fully understand the nature of her withdrawal). In addition, she has failed to introduce new and material evidence. To the extent she is alleging that her withdrawal was

the result of misinformation, the record does not support such a finding. Nor do we discern any other extraordinary circumstances that might warrant reinstating the appeal. Accordingly, we affirm the initial decision dismissing the appeal as withdrawn.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.